# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1124

_____

David Gatto,                          *
                                      *
                Appellant,            *   Appeal from the United States
                                      *   District Court for the District
        v.                            *   of Minnesota.
                                      *
3D/International, Inc.,                *        [UNPUBLISHED]
                                      *
                Appellee.             *

_____

Submitted: November 16, 2005
Filed:  December 5, 2005

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

David Gatto, an at-will construction manager for 3D/International, Inc., had substantially completed a project when the company's vice-president of finance told him no more money would be spent on the project. After Gatto complained directly to the company's president, he was terminated for doing so. Gatto brought this diversity action against 3D/International for breach of contract and promissory estoppel, asserting he was fired for complying with the company handbook, which states: "If someone flies off the handle and fires you, or if you feel you just can't work for someone you're assigned to, jump channels and go to the top. We can't promise to fix things, but we'll examine the problem." The handbook also instructs employees that if they are "unable to meet a deadline and [they] need a decision, . . . [they] may

need to talk to different people about matters, oftentimes more than one." According to Gatto, the handbook estopped 3D/International from terminating him as an at-will employee for calling the president directly. The district court[*] dismissed the complaint for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), holding the handbook's language did not create a contract necessary for his breach of contract claim or make a clear and definite promise necessary for his promissory estoppel claim. Gatto appeals challenging the ruling on his promissory estoppel claim. We affirm.

Gatto contends the district court improperly made factual findings and failed to consider the factual allegations in the light most favorable to him. We review a district court's ruling on a motion to dismiss de novo, looking at the complaint anew to decide whether it states a claim for which relief can be granted. Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1062 (8th Cir. 2005). A motion to dismiss should be granted when, assuming the complaint's factual allegations are true, it appears beyond doubt that the plaintiff cannot prove any set of facts supporting the claim. Id. Because this is a diversity case, we interpret Minnesota law in deciding whether Gatto alleged facts that sufficiently set forth the elements of promissory estoppel. Id.

To state a valid cause of action for promissory estoppel under Minnesota law, Gatto must allege 3D/International made a clear and definite promise to him, 3D/International intended to induce reliance on the promise, Gatto did in fact rely on the promise to his detriment, and the promise must be enforced to prevent injustice. Martens v. Minn. Min. & Mfg. Co., 616 N.W.2d 732, 740 (Minn. 2000). When, as here, the facts alleged in the complaint are taken as true, whether the facts rise to the level of promissory estoppel is a question of law. Id. Construing the facts in Gatto's

---

[*]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

complaint in his favor, we conclude he does not satisfy the first element of promissory estoppel under Minnsota law. The statements do not promise any certain action in response to an employee's complaints, and do not promise more than at-will employment, but provide only a means to question actions or seek advice. See Ruud v. Great Plains Supply, Inc., 526 N.W.2d 369, 372 (Minn. 1995).

Having carefully considered and rejected all of Gatto's arguments, whether discussed or not, we affirm the district court.

_____